UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
DARLENE CHRETIEN,                  )
        Plaintiff,                 )
                                   )
    v.                             )    C.A. No. 12-348 S
                                   )
SEDGWICK CLAIMS MANAGEMENT         )
SERVICES, INC.,                    )
        Defendant.                 )
_____)

**OPINION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Plaintiff Darlene Chretien brought this suit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a), (e), (f) and (g), following the denial of her claim for long-term disability benefits by Defendant, Sedgwick Claims Management Services, Inc. ("Defendant" or "Sedgwick"). Sedgwick serves as third-party administrator for the Income Protection Plan for Store Managers (the "Plan") offered by Plaintiff's former employer, Walgreen Company.[1]

---

[1] Before the Court is a Summary Plan Description ("SPD"), outlining in detail the terms of the Plan. (Ex. D to Def.'s Statement of Undisputed Facts ("Def.'s SUF"), ECF No. 16-4.) The SPD should not, however, be confused with the Plan itself, which is not in the record. The Supreme Court has stated that an SPD "is not itself part of the plan." CIGNA Corp. v. Amara, 131 S. Ct. 1866, 1877 (2011) (emphasis omitted). The Court has drawn a distinction between the enforceability of a summary description and the language of the plan itself. Id. at 1877-78. Here, while the Plan is not in the record, neither party contends that it materially differs from the SPD.

On July 25, 2013, United States Magistrate Judge Lincoln D. Almond issued a Report and Recommendation ("R&R") with respect to cross motions for summary judgment filed by the parties. (ECF No. 30.)  Judge Almond recommended that this Court grant Defendant's motion, and deny Plaintiff's motion.

Plaintiff objects to the R&R on three grounds, arguing that: (1) Judge Almond improperly relied solely on Defendant's statement of undisputed facts ("Def.'s SUF"); (2) Judge Almond misinterpreted the terms of the Summary Plan Description ("SPD"); and (3) the denial of Plaintiff's benefits was not supported by substantial evidence.  (Mem. in Supp. of Pl.'s Objections to the R&R, ECF No. 35.)  For the reasons set forth below, this Court adopts the R&R and overrules the objections.

I.   Facts

Although the R&R contains a thorough recitation of the factual history, it is worthwhile to highlight several portions in order to properly address Plaintiff's objections.  Under the terms of the Plan, as described in the SPD, an employee is "disabled" if he or she satisfies a two-prong test.  (Ex. D to Def.'s SUF, ECF No. 16-4.)  First, "due to sickness . . . [the employee is] prevented from performing one or more of the essential duties of [the employee's] own occupation and [the employee is] receiving appropriate care and treatment from a doctor on a continuing basis."  (Id.)  Second, "for the first 18

2

months of long-term benefits, [the employee is] unable to earn more than 80% of [the employee's] pre-disability earnings or indexed pre-disability earnings at [the employee's] own occupation from any employer in [the employee's] local economy" or "following that 18 month period, [the employee is] unable to earn more than 60% of [the employee's] indexed pre-disability earnings from any employer in [the employee's] local economy at any gainful occupation for which [the employee is] reasonably qualified, taking into account [the employee's] training, education, experience, and pre-disability earnings." (Id.)

Two further provisions are relevant to Plaintiff's objections. First, the SPD provides that "[b]enefits are limited to a total of 24 months during [an employee's] lifetime if [the employee is] disabled due to mental or nervous disorders or diseases . . . ." (Id.) This provision is significant in that Plaintiff received short- and long-term benefits for a period of twenty-four months between September 2008 and September 2010, based in part on a diagnosis of depression, before being informed that she was no longer eligible to do so because Sedgwick's reviewing physicians had determined that she was not disabled.[2] (Pl.'s Statement of Undisputed Facts ("Pl.'s SUF") ¶¶ 11, 16 and 24, ECF No. 20.)

---

[2] Plaintiff alleges that, in addition to depression, she suffers from fibromyalgia, migraines, a colloid cyst, restless

3

Second, relevant to Plaintiff's objection as to the sufficiency of the evidence underlying Sedgwick's denial of her claim for benefits, the SPD provides that "[Sedgwick] and [an officer of Walgreen Company] will apply their judgment to claims and appeals in a manner that they deem to be consistent with the Plan and any rules, regulations or prior interpretations of the Plan."[3]  (Ex. E to Def.'s SUF, ECF No. 16-5.)

As it is relevant to Plaintiff's first objection, it should be noted that Judge Almond states at the outset of his R&R that his recitation of the factual history derived from Def.'s SUF. (See R&R 1.)  However, Judge Almond further states in a footnote that he also reviewed and considered Pl.'s SUF.  (Id.)

II. Discussion

This Court reviews de novo those portions of the R&R to which Plaintiff objects.  28 U.S.C. § 636(b)(1)(C).  Plaintiff's first argument, regarding Judge Almond's reliance on Def.'s SUF, is without merit.  As an initial matter, Plaintiff was obliged to raise any factual inaccuracies contained in Def.'s SUF in the form of a statement of disputed facts.  (See LR Cv 56(a)(3).)

---

leg syndrome, blindness in one eye, and back and neck problems. (Pl.'s Mot. for Summ. J. 5, ECF No. 19.)

[3] Although the SPD reserves discretion to both Sedgwick and a Walgreen Company officer, in this case, the Walgreen Company officer was uninvolved in the resolution of Plaintiff's claim. (Def.'s SUF ¶ 19, ECF No. 16.)

Plaintiff did file such a statement ("Pl.'s SDF"), but raised just one minor distinction, effectively admitting the remainder of Def.'s SUF. (Pl.'s SDF, ECF No. 25.)

Even setting aside this admission, Plaintiff's objection cannot be sustained. Judge Almond's footnote clearly indicates that he also reviewed and considered Pl.'s SUF. Judge Almond's principal reliance on Pl.'s SUF or Def.'s SUF is of no consequence. This Court reviewed the relevant documents in detail and found that they present a remarkably similar version of events. Any differences are ultimately immaterial.

Plaintiff next disputes Judge Almond's interpretation of the SPD's language with respect to the meaning of the term "disabled." In effect, Plaintiff argues that because she received twenty-four months of coverage based on her diagnosis of depression, she should automatically satisfy the first prong of the definition of "disabled," and Judge Almond improperly declined to conduct an earnings analysis under the second prong.

Upon review of the relevant provisions described in the SPD, this Court concurs with Judge Almond's finding that Sedgwick appropriately interpreted and applied the SPD to Plaintiff's claim. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 111, 115 (1989) (holding that where an ERISA benefit plan gives the administrator discretionary authority to

5

construe terms of the plan, the administrator's construction of disputed terms should not be disturbed if reasonable).

It would be an incorrect reading of the SPD to conclude that because an employee was eligible to receive benefits based on a diagnosis of depression, the employee could then rely on that same disorder to get around the twenty-four month cap on coverage for mental disorders. By collecting benefits for twenty-four months related to her depression, Plaintiff exhausted her eligibility for coverage for mental disorders, and would have had to separately meet the SPD's definition of "disabled" based on her alleged physical ailments.

Finally, Plaintiff argues that the denial of her benefits was not supported by substantial evidence in the record. Where, in ERISA cases such as this one, the Plan gives the claim administrator discretion to determine eligibility for benefits, courts must uphold the decision unless it is "arbitrary, capricious, or an abuse of discretion."[4] Cusson v. Liberty Life Assurance Co., 592 F.3d 215, 224 (1st Cir. 2010) (quoting Gannon v. Metro Life Ins. Co., 360 F.3d 211, 213 (1st Cir. 2004)). The

---

[4] As discussed previously, the Court reviewed only the SPD, as the Plan itself is not in the record. Neither party suggests that the SPD differs from the Plan, and both parties concur that because Sedgwick has discretion to administer the Plan, the arbitrary and capricious standard applies. The Court considers waived any contention that (1) the SPD improperly describes Sedgwick's discretion to administer the Plan and (2) a standard other than the arbitrary and capricious standard applies.

6

standard asks "whether a factfinder's decision is plausible in light of the record as a whole, or, put another way, whether the decision is supported by substantial evidence in the record." Leahy v. Raytheon Co., 315 F.3d 11, 17 (1st Cir. 2002) (internal citations omitted). "Evidence is substantial if it is reasonably sufficient to support a conclusion, and the existence of contrary evidence does not, in itself, make the administrator's decision arbitrary." Gannon, 360 F.3d at 213.

The R&R thoroughly explores the hundreds of pages of medical evidence and summarizes the various, and at times differing, opinions of Plaintiff's doctors and those hired by Defendant to evaluate her case. (See R&R 1-13.) Upon careful review, this Court is satisfied that Sedgwick's determination as to Plaintiff's eligibility was thorough, reasoned, and based on substantial medical evidence.

III. Conclusion

Because this Court agrees with Judge Almond's findings, it adopts his R&R pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff's motion for summary judgment is DENIED, and Defendant's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: September 30, 2013

7